UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY ABBE, Individually and On Behalf of All Others Similarly Situated,　Plaintiff, § § § § | |
| v. § | Case No. 10-CV-1565-F |
| § | |
| SILVERLEAF DEBT SOLUTIONS, LLC, and DEBT RX USA, LLC,　Defendants. § § § § § | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

BEFORE THE COURT is Plaintiff's Motion for Entry of Default Judgment (Doc. No. 63). Having reviewed the arguments of counsel and the applicable law, the Court finds that Plaintiff's Motion for Default Judgment should be and is hereby **GRANTED**.

**I.  Factual and Procedural Background**

Plaintiffs filed their lawsuit on August 11, 2010 (Doc. No. 1). Defendants filed an Answer on August 24, 2010 (Doc. No. 8). On January 26, 2012, Defendants' counsel filed a Motion to Withdraw as counsel of record for Defendants (Doc. No. 53) The Court granted the motion on January 27, 2012, and ordered Defendants to retain new counsel by February 27, 2012 (Doc. No. 55). Defendants failed to retain new counsel within the time period set forth by the Court.

On June 14, 2012, Plaintiffs filed a Motion to Strike Defendants' Answer because Defendants had not retained new counsel and corporations cannot be *pro se* in Federal Court (Doc. No. 57). The Court granted Plaintiffs' Motion on July 9, 2012, and struck Defendants'

pleadings from the record (Doc. No. 59). The Clerk entered default on July 20, 2012 (Doc. No. 62), and Plaintiffs have moved for default judgment.

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure sets forth conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R .Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intellectual Property, L.L.C. v. Mashiana*, 2011 WL 2637372 (E.D. Tex. 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins*., 84 F.3d at 141). "Next, an entry of default may be entered by the clerk when the default is established by affidavit." *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). "Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default." *Id.* (citing Fed. R. Civ. P. 55(b)).

Defendants are currently indebted to Plaintiffs in the amount of $27,678.00. *See* Declarations of Randy Abbe and Declaration of Meredith Mathews. Plaintiff Van Duse is owed $6,470.10 in unpaid overtime wages. This amount is based on an average of 15 hours of overtime worked per week for each week Mr. Van Dusen was employed by Defendants (approximately 39 weeks) multiplied by his overtime rate of $11.06 (average weekly commissions earned divided by the total number of hours worked per week multiplied by .5) and multiplied again by the total number of weeks he worked for Defendants. He is owed an additional $6,470.10 in liquidated damages, bringing the total amount Plaintiff Van Dusen is owed to $12,940.20.

Plaintiff Randy Abbe is owed $14,737.80 in unpaid overtime wages. This amount is based on an average of 15 hours of overtime worked per week for each week Mr. Abbe was employed by Defendants (approximately 55 weeks) multiplied by his overtime rate of $8.54 and $9.52 (average weekly commissions earned divided by the total number of hours worked per week multiplied by .5) and multiplied again by the total number of weeks he worked for Defendants.

Plaintiffs are also entitled to attorney's fees and expenses in the amount of $41,197.50 as proven by the Declaration in Support of Attorneys Fees. The record reveals the fees charged are those customarily charged in this area for the same or similar services by an attorney with counsel's experience, reputation, and ability, considering the nature of the controversy.

### III. Conclusion

For the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion for Entry of Default Final Judgment. Accordingly, the Court **ORDERS** that default judgment be entered in favor of all Plaintiffs. Reasonable attorney's fees in the amount $41,197.50 are also assessed against Defendants. Postjudgment interest thereon shall be paid to Plaintiffs at the applicable federal rate until the total amount of judgment is paid in full.

SIGNED this 24th day of July, 2012.

*Royal Furgeson*
Royal Furgeson
Senior United States District Judge